496 P.2d 896

Herschel J. SAPERSTEIN, Trustee in Bankruptcy of the Estate of Burger-in-the-Round, Inc., Plaintiff and Respondent,

v.

HOLLAND, McGILL & PASKER, Defendant and Appellant.

No. 12683.

Supreme Court of Utah.

May 4, 1972.

---

Donald Sawaya, Salt Lake City, for defendant and appellant.

**398**

John H. Allen, of Cannon, Greene & Nebeker, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Plaintiff, as Trustee in Bankruptcy, sued to recover a judgment for $5711.35 which defendant had taken from the bankrupt Burger-in-the-Round, Inc., (the same corporation as The Dinner Table, Inc.) by judgment-garnishment within four months before the petition in bankruptcy was filed on the ground that this constituted a preference over other creditors.

■ Of critical importance in this proceeding is the purpose spelled out in the bankruptcy act: that when a person becomes bankrupt, his assets should be so marshaled and managed that his creditors will be treated with justice and equality to the end that each shall receive his just proportion of the assets to apply on his debt. The accomplishment of that objective requires that the proceedings be handled in the manner and in the order of preference provided by law so there will be no preference between creditors of the same class. Subsection (a)(1) of Section 96 of Title 11, U.S.C.A. defines such a preference:

A preference is a transfer . . . of any of the property of a debtor to or for the benefit of a creditor . . . made or suffered by such debtor while insolvent and within four months before the filing . . . the effect of which transfer will enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

If it is charged that such a preference has been made, the remedy is provided for in Subsection (b) of said Section 96:

Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby . . . has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent.

■ In their attack upon the judgment for return of the money into the bankrupt's assets, the defendants contend that at the time it was obtained by means of its garnishment, the now bankrupt (The Dinner Table, Inc.) was an operating business, and that the evidence does not justify the finding of the trial court that the defendants then had notice of the insolvency. In regard to the defendants' position there are some propositions which should be conceded. It is undoubtedly true that a person is not necessarily insolvent because he cannot meet his currently accruing obligations. There are many situations where an individual may have extensive holdings of property, or other nonliquid assets, where it would result in great and unjustifiable hardship to require the immediate produc-

tion of cash. For example, he might have various types of payments or obligations coming due, accounts receivable, or payments to be due in the future for work completed or in progress. Consistent with the foregoing, neither is insolvency shown by the fact that it was necessary for the creditor (defendants here) to sue to collect a debt. The test of insolvency is the excess of debts over assets at a fair valuation.

The test then is not one of liquidity, but of insolvency as stated in Subsection 19 of Section 1 of the Bankruptcy Act:

> A person shall be deemed insolvent . . . whenever the aggregate of his property . . . shall not at a fair valuation be sufficient . . . to pay his debts.

In commenting upon that section, the leading text on the subject explains that the statutory definition must be strictly adhered to, and that the test to be applied is the excess of debts over assets at a fair valuation, sometimes referred to as the "mathematical computation" or the "balance sheet test." [1]

It is significant to note here that the defendants did not raise the issue as to the actual insolvency of the debtor, The Dinner Table, Inc. The issue as presented to and decided by the trial court was whether the requirements of the statute, Subsection (b)

of Section 96 quoted above, were met: that the defendants had "reasonable cause to believe that the debtor [was] insolvent . . . at the time when the transfer was made . . . ."

■ Against the background of what has been said above, we look at the evidence in the light favorable to the findings and judgment.[2] The garnishment against The Dinner Table, Inc. was served on Zions First National Bank on January 30, 1970. The bank answered that the debtor had $8215.16 in its account. The attorney for Dinner Table called the attorney for the plaintiff in that suit (defendants herein), and told him that the garnishment tied up its funds so the business could not operate, and requested that it be released. He also told him that he was going to file bankruptcy for The Dinner Table, Inc. shortly. The garnishee-judgment was issued and satisfied on that day; and the bankruptcy was in fact filed five days later on February 10, 1970.

It is our opinion that there is a sufficient basis in the evidence to support the trial court's finding that in taking the $5708.15 from the account of The Dinner Table, Inc. by garnishee-judgment on February 5, 1970, with knowledge of the facts as just recited, defendants had reasonable cause to believe that it was insolvent, and

---

1. See 1 Collier on Bankruptcy, 14th Ed., Par. 1.19, p. 99, and cases therein cited.

2. See Flynn v. Shocker Construction Company, 23 Utah 2d 140, 459 P.2d 433 (1969).

therefore to justify his determination that this constituted a preference to a creditor as provided in (a) (1) of Section 96 of the Bankruptcy Act and consequently was recoverable by the Trustee in Bankruptcy.

Affirmed. No costs are awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.